# In the United States Court of Federal Claims

Case No. 04-1484T
(Filed: September 11, 2006)
NOT TO BE PUBLISHED

```
****************************
LEONARD MILTON ERVIN,               *
                    Plaintiff,      *
                                    *
    v.                              *
                                    *
THE UNITED STATES OF AMERICA,       *
                    Defendant.      *
                                    *
****************************
```

FILED
SEP 1 1 2006
U.S. COURT OF FEDERAL CLAIMS

1:06CV2387
JUDGE GAUGHAN
MAG. JUDGE BAUGHMAN

*Leonard Milton Ervin*, Cleveland, OH, *pro se*.

**Jennifer Dover Spriggs**, Tax Division, Court of Federal Claims Section, Department of Justice, Washington, D.C., Counsel of Record for the Defendant. With her on the briefs were **Eileen J. O'Connor**, Assistant Attorney General.

**Mildred L. Seidman**, Chief, Court of Federal Claims Section, **David Gustafson**, Chief, Court of Federal Claims Section, and **Steven I. Frahm**, Assistant Chief, Court of Federal Claims Section, Department of Justice, Washington, D.C., Of Counsel for Defendant.

*Stephanie Wilson*, law clerk.

### OPINION

**BASKIR**, Judge.

Plaintiff, Leonard Milton Ervin, alleges that the Internal Revenue Service ("IRS") erroneously applied his 1997 income tax offsets to student loans owed to a Federal agency, when the offsets should have been applied to past-due child support. Because Plaintiff's claim does not fall within our tax refund-based jurisdiction, we conclude that we do not have subject matter jurisdiction. However, we find that Plaintiff's case satisfies the three requirements for transfer to another Federal court. **Defendant's Motion to Dismiss for lack of subject matter jurisdiction is therefore DENIED. This case is to be transferred to the U.S. District Court for the Northern District of Ohio, where Plaintiff currently resides.**

## BACKGROUND

Mr. Ervin failed to file an income tax return for the 1997 tax year. On or about May 24, 2001, the IRS prepared a substitute return of $10,195.00 for Plaintiff's missing tax return. The IRS assessed penalties and interest, which were paid by application of a withholding credit of $9,050.00 as of April 15, 1998, and the application of the overpayment credit from Plaintiff's 1998 tax year, as of April 15, 1999.

On May 22, 2002, Mr. Ervin filed a Form 1040X, Amended U.S. Individual Income Tax Return, seeking a refund of $4,142.00 with respect to his 1997 tax year. On this form, Mr. Ervin stated:

> I was told by the IRS that my children wouldn't get any of my tax refund from the child support because they weren't on AFDC. Then the IRS later told [me] that they had turned it over to the Department of Education. However the child support has precedent [sic] over the Department of Education.

Def. Exh. 2. On September 23, 2002, the IRS sent a certified letter that disallowed Mr. Ervin's claim for refund with respect to the 1997 tax year because it was filed more than three years after the due date. Def. Exh. 3.

Mr. Ervin filed his complaint in this Court on September 22, 2004, alleging that the IRS allowed his income tax offsets to be applied to his past-due student loan debt, when his past-due child support has precedence under the applicable code section. Although there was some confusion in the early stages of this action as to what relief Mr. Ervin sought, he has since made it clear that he is not attempting to recover a refund of $4,142.00, but rather is seeking to have the IRS correct its alleged mistake in misapplying his 1997 tax offsets to his student loan debt in preference to his past-due child support. Oral Argument Transcript ("OA Tr.") at 7-9; Pl. Supp. Brief in Opp. at 2.[1] As a consequence, this is not a refund suit. Defendant's Motion to Dismiss has been fully briefed, oral argument was held, and supplemental briefs requested and filed.

## ANALYSIS

I.  Jurisdiction

Before the Court is Defendant's Motion to Dismiss for lack of subject matter jurisdiction, based on Rule 12(b)(1) of the U.S. Court of Federal Claims ("RCFC"). On motions to dismiss, the Court views the facts alleged in the complaint in the light most favorable to the non-moving party. *See Patton v. United States*, 64 Fed. Cl. 768, 773

---

[1] The pages of plaintiff's briefs were not numbered by the party.

(2005). Because the Defendant's motion challenges this Court's jurisdiction, we may also consider outside evidence. *Id.* at 773 (citing *McDonald v. United States*, 37 Fed. Cl. 110, 113 (1997)).

Defendant contends that this Court lacks jurisdiction over Plaintiff's claim for two reasons. First, Defendant argues that 26 U.S.C. § 6402(f), the pertinent code section, explicitly precludes this Court's jurisdiction to hear an action "brought to restrain or review a reduction authorized by subsection [26 U.S.C. § 6402(c), (d), or (e)]." Second, Defendant argues that Plaintiff's claim is barred because his claim for a refund was filed after the statute of limitations had expired.

### A. Tucker Act Jurisdiction

The U.S. Court of Federal Claims may only hear a claim brought against the United States if Congress specifically and unambiguously waived the Government's sovereign immunity for such a suit. *United States v. King*, 395 U.S. 1, 4 (1969). This Court has jurisdiction over tax refund suits according to its general Tucker Act jurisdiction. 28 U.S.C. § 1491(a).

The Court must examine the provisions relied upon by Plaintiff to determine whether any of them confers jurisdiction on this Court. Plaintiff alleges that the Government misappropriated his offsets of $4,142 when the IRS reduced his overpayment to pay student loan debt owed to a Federal agency rather than to pay past-due child support payments. Plaintiff relies upon 26 U.S.C. § 6402(c), which outlines the procedure for the offset of past-due child support payments against overpayments. *See* Pl.'s Supp. Ltr. in Support of Pl.'s Br. at 3. Section 6402(c) provides, in part:

> The amount of any overpayment to be refunded to the person making the overpayment shall be reduced by the amount of any past-due support . . . owed by that person[.]

26 U.S.C. § 6402(c). However, in light of Plaintiff's allegations and requested relief, his claim is better characterized as a challenge to the IRS's failure to comply with 26 U.S.C. § 6402(d)(2), which sets the priorities for the distribution of overpayment to offset debts owed by the taxpayer. Section 6402(d) provides, in part:

> (1) In general. --Upon receiving notice from any Federal agency that a named person owes a past-due legally enforceable debt (other than past-due support subject to the provisions of subsection [26 U.S.C. § 6402] (c)) to such agency, the Secretary shall --
>> (A) reduce the amount of any overpayment payable to such person by the amount of such debt;

-3-

> (B) pay the amount by which such overpayment is reduced under subparagraph (A) to such agency; and
> (C) notify the person making such overpayment that such overpayment has been reduced by an amount necessary to satisfy such debt.
> (2) Priorities for offset.--Any overpayment by a person shall be reduced pursuant to this subsection after such overpayment is reduced pursuant to subsection [26 U.S.C. § 6402] (c) with respect to past-due support collected pursuant to an assignment under section 402(a)(26) of the Social Security Act[.]

26 U.S.C. § 6402(d).

Plaintiff bears the burden of coming forth and establishing that there is a basis for our subject matter jurisdiction over his claim. Where, as here, the plaintiff is *pro se*, we construe Plaintiff's complaint and briefs liberally to determine whether we have jurisdiction under the Tucker Act. Plaintiff explicitly no longer seeks a refund of tax, but rather seeks an order that the IRS correct its error and transfer Plaintiff's 1997 overpayment to offset his past-due child support. Our subject matter jurisdiction is limited by the Tucker Act to "such cases where the Constitution or a federal statute requires the payment of money damages as compensation for the violation." *Murray v. United States*, 817 F.2d 1580, 1582-83 (Fed. Cir.1987), *cert. denied*, 489 U.S. 1055 (1989). We do not have the authority to grant equitable relief. Consequently our subject matter jurisdiction in tax matters does not encompass non-refund based suits. Moreover, even if Plaintiff had continued to seek a refund of his misallocated 1997 tax overpayments, § 6402(f) precludes any court from hearing such a suit: "No action brought against the United States to recover the amount of any such reduction shall be considered to be a suit for refund of tax." 26 U.S.C. § 6402(f).

We thus conclude that Plaintiff does not seek relief we can provide, i.e., a refund, and that if he did, § 6402(f) explicitly deprives this Court of jurisdiction over such a refund-based claim.

### B. Statute of Limitations

The Government also argues Plaintiff's claim is barred by the statute of limitations in 26 U.S.C. § 6511(a). Section 6511(a) requires Plaintiff, who did not file a return for the 1997 tax year, to file a claim for a refund within two years from the time the tax in question was paid. Because Plaintiff is not seeking a claim for a refund, we conclude that § 6511(a) does not provide the applicable statute of limitations in this case. However, we do not need to resolve the statute of limitations issue because we have concluded for other reasons that we do not have jurisdiction over Plaintiff's claim.

II. Transfer to Another Court

Although we do not have jurisdiction to hear Plaintiff's case under the Tucker Act, it is appropriate for us to consider whether this action should be transferred to another Federal court that does have jurisdiction. *See* 28 U.S.C. § 1631; *Nat'l Ctr. for Mfg. Sciences v. United States*, 114 F.3d 196, 198 (Fed. Cir. 1997). We may "order[] transfer without being asked to do so by either party." *Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1375 (Fed. Cir. 2005); *see also Skillo v. United States*, 68 Fed. Cl. 734, 743 n.15 (2005). The transfer statute provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

Three requirements must be satisfied to transfer a case to another Federal court: "(1) the transferor court lacks subject matter jurisdiction; (2) at the time the case was filed, it could have been brought in the transferee court; and (3) such transfer is in the interest of justice." *Skillo*, 68 Fed. Cl. at 744.

A. The Transferring Court Lacks Jurisdiction

As discussed in Part I of our analysis, the U.S. Court of Federal Claims lacks subject matter jurisdiction over Mr. Ervin's claims.

B. The Claim Could Have Been Filed in the Transferee Court

Defendant contends that 26 U.S.C. § 6402(f) deprives any court of jurisdiction over Plaintiff's claim, because Plaintiff is seeking the review of an authorized reduction of his 1997 overpayment to pay Plaintiff's past-due student loan debt. Section 6402(f) provides:

> No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c), (d), or (e). No such reduction shall be subject to review by the

-5-

> Secretary in an administrative proceeding. No action brought against the United States to recover the amount of any such reduction shall be considered to be a suit for refund of tax. This subsection does not preclude any legal, equitable, or administrative action against the Federal agency or State to which the amount of such reduction was paid or any such action against the Commissioner of Social Security which is otherwise available with respect to recoveries of overpayments of benefits under section 204 of the Social Security Act.

In its supplemental brief, the Government relies upon three cases to support its contention that § 6402(f) precludes any court from hearing *any* challenge to reductions made pursuant to §§ 6402 (c) or (d). Def. Supp. Br. at 6 (citing *Richardson v. Baker*, 663 F. Supp. 651, 655 (S.D.N.Y. 1987); *Thomas v. Bennett*, 856 F.2d 1165, 1167 (8th Cir. 1988); *Setlech v. United States*, 816 F. Supp. 161, 166 (E.D.N.Y. 1993), aff'd 17 F.3d 390, *cert. denied*, 511 U.S. 1085 (1994)). All three of these cases considered jurisdictional questions arising under a prior version of the statute, in which 26 U.S.C. § 6402(e) contained the jurisdictional bar now found in 26 U.S.C. § 6402(f).

In *Richardson v. Baker*, the plaintiffs sued the Secretary of the Treasury, the Secretary of Education, and two loan collection agencies, alleging that the Federal statutes authorizing the tax intercept program, including § 6402, and the IRS's practices in administering the program violated the plaintiffs' constitutional right to due process of law. *663* F. Supp. at 653. The Secretary of the Treasury filed a motion to dismiss for lack of subject matter jurisdiction, arguing that Congress withdrew jurisdiction in 26 U.S.C. § 6402(e). *Id.*

The *Richardson* plaintiffs argued that the jurisdictional bar in § 6402(e) was inapplicable, because they were "seeking neither review nor recovery of any reduction," but rather were "raising claims that the intercept program itself is unconstitutional." *Id.* at 653-54. However, the fact that it was a constitutional challenge to the legitimacy of the debt repayment scheme, rather than a challenge to the underlying merits of the debt itself, did not render the jurisdictional bar inapplicable. The relief sought by the plaintiffs was recovery of the refunds, which falls squarely within the jurisdictional limitation. As such, the court held that § 6402(e) precluded the court from exercising subject matter jurisdiction over the plaintiffs' claims against the Secretary of the Treasury. *Id.* at 655.

In *Thomas v. Bennett*, the plaintiff's suit was directed at the Secretary of Education and "ask[ed] that the court review the [Department of Education's] request that the setoff be made, not the actual setoff itself." 856 F.2d at 1167. The court stated:

> The jurisdictional limitation in section 6402(e) was intended to relieve the Secretary of the Treasury from the burden of handling challenges to the substantive merits of debts underlying requested refund setoffs.

*Id.* The court thus concluded that because the plaintiff's claim was against the Secretary of Education, and not the Secretary of Treasury, the jurisdictional limitation of § 6402(e) did not apply. *Id.*

In *Setlech v. United States*, the plaintiff challenged the underlying merits of her student loan debt, arguing that the debt was unenforceable because she was mentally incompetent when she obtained the loans, and because the pre-offset notice was deficient. 816 F. Supp. at 162. The court concluded that the plaintiff's claim against the IRS was barred because the plaintiff was seeking review of the substantive merits of her debt. *Id.* at 166.

None of the three cases relied upon by the Government addressed the central issue in this case – whether the jurisdictional limitation in 26 U.S.C. § 6402(f) precludes any court from hearing Plaintiff's claim challenging that the IRS failed to follow the priority structure in 26 U.S.C. § 6402(d)(2). In all three cases relied upon by the Government, the relief sought by the plaintiffs was recovery of the tax refund reduction. Such suits against the IRS are clearly barred by the plain language of § 6402(f). Whether the theory of recovery of the refund was based on a constitutional challenge to the tax intercept program or on a challenge to the underlying merits of the alleged debt is not relevant. In either situation, the plaintiffs' claims were based on a challenge to the amount or validity of the offsets themselves.

The cases relied upon by the Government confirm only that the purpose of § 6402(f) is to relieve the IRS from dealing with challenges to the substantive merits of the debts underlying reductions authorized by subsections (c), (d), and (e). Mr. Ervin's claim is not based on a challenge to the amount or validity of his past-due child support or student loan debt. In fact, he concedes that both debts underlying the reduction of his tax refund are legitimate. Rather, Mr. Ervin's claim is that the reduction of his refund made by the IRS was *not* authorized by subsection (d), because the IRS failed to adhere to the priorities of offsets established in § 6402(d)(2).

Moreover, Mr. Ervin has abandoned his initial characterization of his claim as a request for a refund. Mr. Ervin does not seek to recover the amount of the tax refund the IRS transferred to the Department of Education. Instead, the relief sought by

Mr. Ervin is to have the IRS correct its error and first apply his 1997 offsets to his past-due child support payments instead of his student loan debt. OA Tr. at 7-9; Pl. Supp. Brief in Opp. at 2. Section 6402(f) precludes only suits questioning the amount of the tax intercept and seeking recovery of a reduction authorized by §§ 6402(c), (d), or (e).

The Government's position that the proper defendant in this case would be the Department of Education is also incorrect. If Mr. Ervin were challenging the amount or validity of his student loan debt, then § 6402(f) would dictate that his suit be brought against the DOE. As we have seen, the purpose of § 6402(f) is to relieve the Secretary of the Treasury from reviewing challenges to the substantive merits of the underlying debts. *Thomas*, 856 F.2d at 1167; *Satorius v. U.S. Dep't of Treasury-I.R.S.*, 671 F.Supp. 592, 594 (E.D. Wis. 1987).

Federal district courts have general, non-refund-based tax jurisdiction under 28 U.S.C. § 1340, and jurisdiction over actions for mandamus under 28 U.S.C. § 1361. The Administrative Procedures Act waives the sovereign immunity of the United States for "action[s] in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority[.]" 5 U.S.C. § 702. Nothing in § 6402(f) exempts the IRS from its obligation to follow the priority structure set out in § 6402(d)(2) or bars actions in mandamus. We thus conclude that 26 U.S.C. § 6402(f) would not have barred Mr. Ervin's claim had it originally been brought in Federal district court.

### C. Interests of Justice

The Government argues that the transfer of Mr. Ervin's claim to district court would not be in the interests of justice because he does not qualify for mandamus relief. Def. Supp. Br. at 18, n.4. We do not find this argument convincing. It is not this Court's place to determine if Mr. Ervin will or should succeed on the merits. What we must consider in deciding whether a transfer is in the interests of justice is whether his claim is "nonfrivolous and as such should be decided on the merits." *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir.1987) (citing *Zinger Constr. Co. v. United States*, 753 F.2d 1053, 1055 (Fed.Cir.1985)).

Taking the facts alleged in the complaint in the light most favorable to Mr. Ervin, we do not find his claim that the IRS failed to adhere to the priority schedule set forth in 26 U.S.C. § 6402(d)(2) to be frivolous. We believe that the interests of justice favors a resolution of his claim on the merits. Plaintiff's *pro se* status also bears in favor of transferring his claim to serve the interests of justice. *See Skillo*, 68 Fed. Cl. at 744; *Sternberg v. Dep't of Health and Human Servs.*, 299 F.3d 1201, 1205 (10th Cir. 2002) ("Sternberg, *pro se*, erroneously filed a petition for review in this court instead of the district court. In the interests of justice, we transferred the petition to the United States District Court for the District of Kansas." (internal citations omitted)); *Kolek v. Engen*, 869 F.2d 1281, 1284 (9th Cir. 1989) ("Transfer of Kolek's appeal serves the interests of

justice because his errant filing was caused in part by his pro se status ...."). We therefore conclude that Mr. Ervin's claim satisfies all three requirements for transferring this case to another Federal court.

## CONCLUSION

We hold that we do not have jurisdiction over Plaintiff's claim. He does not seek a refund upon which our tax jurisdiction is generally premised. Regardless, a refund suit is precluded by 26 U.S.C. § 6402(f). He has failed to identify any other theory that would give this Court jurisdiction under the Tucker Act. However, we conclude that it is appropriate to transfer Plaintiff's claim that the statutory priority scheme was violated to a Federal district court that has jurisdiction over actions of this nature.

Accordingly, it is **ORDERED that (1) Defendant's Motion to Dismiss for lack of subject matter jurisdiction is hereby DENIED, and (2) this action is transferred to the U.S. District Court for the Northern District of Ohio.**

IT IS SO ORDERED.

*Lawrence M. Baskir*
LAWRENCE M. BASKIR
Judge

A TRUE COPY:
TEST: SEP 1 2 2006
BRIAN BISHOP
Clerk, U.S. Court of Federal Claims
By _____
Deputy Clerk