**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Leonard Milton Ervin,** | ) | **CASE NO. 1: 06 CV 2387** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **United States of America,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion for Summary Judgment

(Doc. 64).   For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff, Leonard Milton Ervin, proceeding *pro se*, filed this lawsuit in September

2004 in the United States Court of Federal Claims.  That court, having determined that it

lacked subject matter jurisdiction, transferred the case to this Court.

Plaintiff's Complaint states, "I am filling [sic] a complaint against the IRS, for

allowing my income tax [sic] offsets to be applied to student loans, when it clearly stated by

1

law that CHILD SUPPORT has precedence [sic] over student loans."

As clarified by the United States Court of Federal Claims, plaintiff seeks to have the IRS correct its alleged mistake in misapplying his 1997 tax offsets to his student loan debt in preference to his past-due child support.

The facts are not disputed.[1]  Plaintiff failed to file an income tax return for the 1997 tax year.  As a result, the Internal Revenue Service prepared a substitute return on May 24, 2001.  Plaintiff was assessed tax in the amount of $10,195.00 for the 1997 tax year.  The IRS assessed penalties and interest.   The assessments were paid in part by withholding credit of $9,050.00 as of April 15, 1998, and by applying an overpayment credit from plaintiff's 1998 tax year, as of April 15, 1999.

On May 22, 2002, plaintiff filed an amended return seeking a refund with respect to his 1997 tax year.   On the form he stated,

> I was told by the IRS that my children wouldn't be getting any of my tax refund from the child support because they weren't on AFDC.  Then the IRS later told me that they turned it over to the Department of Education.  However, the child support has precedent [sic] over the Department of Education.

This matter is now before the Court upon defendant's Motion for Summary Judgment.

## **Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine

---

[1]     The facts are taken from the original pleadings filed in the United States Court of Federal Claims.

issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial
> responsibility of informing the district court of the basis for its
> motion, and identifying those portions of "the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with affidavits," if any, which it believes demonstrates
> the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its

resolution will affect the outcome of the lawsuit."  *Anderson v. Liberty Lobby*, 477 U.S. 242,

248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the

nonmoving party.  Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is made and supported
> as provided in this rule, an adverse party may not rest upon the
> mere allegations or denials of [his] pleadings, but [his
> response], by affidavits or as otherwise provided in this rule,
> must set forth specific facts showing that there is genuine issue
> for trial.  If he does not respond, summary judgment, if
> appropriate, shall be entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most

favorable to the nonmoving party.  *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th

Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562

(6th Cir. 1985).  However, the nonmoving party may not simply rely on its pleading, but must

"produce evidence that results in a conflict of material fact to be solved by a jury."  *Cox*, 53

F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial

does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d

937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "the mere existence

3

of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.  *Anderson*, 477 U.S. at 249-50 (citation omitted).

**<u>Discussion</u>**

For the following reasons, plaintiff's request to have the IRS correct its alleged mistake in misapplying his tax offsets to his student loan debt in preference to his past-due child support is not supported.

The evidence shows that the 1997 refund was not timely applied for within the three years of the date when the return was originally due and, thus, the monies were sent to excess collections.  Plaintiff's 1998 refund was sent to the State of Ohio for payment of plaintiff's child support obligations as desired by plaintiff and was not applied to his student loan debt. (affs. of Joan Flach and Rosemary McCambridge)

To the extent that plaintiff's Complaint alleges that tax refunds from 1995 and previous tax years were improperly applied to his student loan debt rather than his child support obligation, these claims are barred by the six year statute of limitations set forth in 28 U.S.C. § 2401(a).  Plaintiff appears to concede that his refund for the 1996 tax year was applied to his child support obligation, although allegations concerning it are also untimely.

For these reasons, plaintiff's assertions are unavailing.

4

**Conclusion**

For the foregoing reasons, defendant's Motion for Summary Judgment is granted.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated: 3/28/07

5